# Civil Complaint

**FILED**
OCT 13 2023

The United States District Court for the Northern District of Ohio

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Michael Rypiak,

                -against-

Southwest General Hospital,

                Plaintiff,

                Defendant,

1:23 CV 02010

<u>COMPLAINT</u>

**JUDGE BARKER**

**MAG. JUDGE GREENBERG**

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

The complaint of the plaintiff, Michael Rypiak, respectfully shows and alleges as follows:

1. The plaintiff, Michael Rypiak, is a resident of the state of Ohio. Residing at 7233 Antoinette Dr, Parma, OH

2. The defendant, Southwest General Hospital, has a principal place of business at 18697 Bagley Rd, Middleburg Heights, OH

3. Plaintiff Michael Rypiak was a Financial Services intern for the Finance Department for the Defendant Southwest General Hospital.

4. Employment began May 28th and ended July 3rd after the Defendant terminated the internship.

5. On the plaintiff's last official working day June 23rd in the office was pulled into the office of Cheryl Hadaam, and let the plaintiff know that the Chief Financial Officer had noticed the plaintiff's feet kicked up on a chair in a closed cubicle while on the Plaintiff's break. Cheryl Hadaam continued to let the plaintiff know that it was not a big deal and nothing more than a learning experience, and truly appreciated all the great work the Plaintiff was doing. The plaintiff responded that he was feeling harassed by the Chief Financial Officer and was too frustrated to talk after staying an hour late to make sure all the work was thoroughly completed before leaving for vacation. Cheryl Hadaam merely responded with ok. The specific legal claim that the plaintiff claiming is happening is his

protected activity of reporting harassment whether it be formal or informal, in this case informal, is still a protected activity in which he believes this led to his firing.

6. The plaintiff filed with the EEOC originally and received a right to sue notice.

7. This activity is protected from the plaintiff's initial conversation with the superior Cheryl Hadam, in which he is talked to about how his feet were on another chair during his unpaid break in the confines of his closed cubicle. The employer knew of this was being exercised due to the simple fact of the plaintiff's statement being "I feel like I am being harassed by her" The her being referenced was the Chief Financial Officer. It is up to the employer at this point to investigate this claim.

8. The previous statement was the final encounter the plaintiff had with the employer in any fashion until his firing. The connection between this claim and it relating to the fact that it was an adverse action is the simple fact that they're had been no previous legitimate issue within the workplace. Several employees can testify to the hard work ethic the plaintiff put forth, the plaintiff cannot recall the specific names, but if provided with a list for trial he could recall and put forth the employees to the stand for questioning. The plaintiff was an entry level intern to which all work he was given was completed within the expected time, always, if not before, impressing the same directors who contributed to his firing. So the question arises if the plaintiff had no issues with other coworkers, his output within the workplace exceeded expectations on the regular, the only unknown variable to this situation was the final conversation of the protected activity of informally reporting harassment to his superior. Then the complete reversal of kindness and appreciation felt by the employer turned into enough anger to fire them without a suspension, a meeting to discuss the plaintiff's concerns, nothing but a quick firing to sweep it under the rug and avoid any "annoyance" and by annoyance the plaintiff refers to standing up for his legally protected rights.

9. This cannot be considered a vague charge of discrimination for the simple fact that Southwest General acted in an abnormal fashion. All companies seek to stay afloat by staying profitable, and if an employee is exceeding expectations his or her actions are leading to a greater profitability. A reason for firing can arise from lack of profitability from that worker or if there is an issue with that employee. The plaintiff has previously claimed and can prove with sworn testimony from himself and coworkers this was obviously not the issue, and the plaintiff was focused on his work to do much of anything else from that. Letting incidents like this go reinforce the idea that the employer has the right to do whatever they please in the name of abusing its employees, as long as they keep it as unprovable as possible.

10. The plaintiff alleges that this is not "management out to get him" in a paranoid fashion, rather a massive injustice to the social contract of employment in which he wants to stand up against the oppressive system that continually reinforces that this country is more concerned with wealth over wellbeing.

11. Again reiterating a Title VII violation is accurately depicted since informally reporting harassment is still considered a protected activity. Faulting the plaintiff for doing it informally is a disgusting and absurd injustice. How can we expect the plaintiff to have foreseen the aggressive actions by an employer who once valued his work greatly, but a power hungry Chief Financial Officer ruined that for him as well as the company. This case does not have crystal clear evidence, but it rarely occurs especially in such unexpected circumstances, but through investigation of testimony of all those involved, from coworkers to the directors involved with receiving the complaint and firing the plaintiff, the plaintiff alleges that this will allow the horrendous actions of Southwest General Hospital to come to light.

12. On June 3rd the plaintiff received a phone call that lasted 59 seconds from the Defendant's Director of Finance. In approximately the first 20 seconds of the phone call the plaintiff pulled over his motorcycle to properly carry on the conversation. In which he was informed that his position was terminated, and was not given a reason. The plaintiff was only asked if he had any belongings left at the office. The plaintiff prior to this call and after his protected action of informally reporting harassment, had not received any other form of communication about his actions and how to resolve them or punish for any various reasons. Simply a phone call that answered no questions but only raised more of how this could possibly happen. Had there been a reason plaintiff alleges it would've been addressed over the phone, and by withholding this information it puts into question if Southwest General Hospital is hiding behind at-will employment as an excuse to hid behind their awful measures related to the plaintiff's firing

13. The plaintiff had a previous conversation with the defendant's Director of Finance Charleen, in which the Chief Financial Officer took a picture of the Plaintiff resting his head and neck while on his phone during his unpaid break. The plaintiff understood but was confused why the Chief Financial Officer was watching and taking pictures without his knowledge.

14. The plaintiff's production of work was highly recognized for the quantity of work, as well as the quality. Employees of the defendant, by the name of Rosemary, Cheryl Hadaam, Emily, and Shelly all commemorated the plaintiff's outstanding work. As previously stated, not all employees could be recalled at this time but these specific employees were best known for recognizing the excellence of the plaintiff's work.

15. No other issues were concerned with the plaintiff's employment.

16. By reason of the facts and circumstances stated above, the plaintiff believes he was fired for informally reporting harassment of the Chief Financial Officer to his direct superior Cheryl Hadaam.

17. By reason of the facts and circumstances stated above, the plaintiff demands judgment against the defendant in the sum of $150,000 in compensatory damages, $150,000 in punitive damages, $2,000 for economic pay for lost job, as well as any other relief the court finds to be just and proper.

Dated October 13th, 2023

Michael Rypiak
Plaintiff
7233 Antoinette Dr,
Parma, OH

## Verification

Michael Rypiak, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Michael Rypiak
*[signature]*

Notary Public
*[signature: Faith Thomas]*

FAITH THOMAS
Notary Public
State of Ohio
My Comm. Expires
February 5, 2028