IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Michael Rypiak,** | Case No. 1:23cv02010 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Southwest General Hospital,** | MEMORANDUM OPINION AND ORDER |
| **Defendant.** | |

*Pro se* plaintiff Michael Rypiak filed this civil rights action against Southwest General Hospital (Doc. No. 1). For the following reasons, Plaintiff's complaint is dismissed.

## I. Background

On July 19, 2023, Plaintiff filed a complaint against Southwest General Hospital concerning his termination from employment with the defendant. *See Rypiak v. Southwest General Hospital*, No. 1:23 CV 1395 (N.D. Ohio) ("*Rypiak I*"). Plaintiff appears to have alleged that his termination was in violation of Title VII of the Civil Rights Act of 1964. (*Id.*). The Court dismissed the action, concluding that Plaintiff failed to state a plausible claim for discrimination or retaliation upon which relief could be granted. (*Id.*, Doc. No. 3 Order filed Oct. 5, 2023).

On October 13, 2023, Plaintiff filed this complaint, alleging once again employment discrimination. Like the complaint in *Rypiak I*, this complaint concerned the purported actions of his employer after Plaintiff complained to his supervisor about feeling harassed by the defendant's Chief Financial Officer. Plaintiff alleged in both complaints that he believes he was terminated for "informally reporting harassment." (Doc. No. 1). (*Rypiak I*, Doc. No. 3). And Plaintiff indicates that this case is a refiling of *Rypiak I*. (*See* Doc. No. 1-1).

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

### III. Discussion

Upon review, the Court finds that Plaintiff's present action is duplicative of *Rypiak I* and is therefore barred by res judicata.

The term "res judicata" means "a matter [already] judged." The doctrine of res judicata bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). When one court has already resolved the merits of a case or an issue, another court will not revisit them. *Id.* The doctrine of res judicata therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). Res judicata bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

This is Plaintiff's second action filed in this Court asserting that his employer, Southwest General Hospital, terminated him for informally reporting harassment by the defendant's Chief Financial Officer, in violation of Title VII of the Civil Rights Act of 1964. And this Court dismissed Plaintiff's claim alleged in the first complaint. His attempt to repackage this claim by including additional facts in this complaint does not relieve him of the res judicata bar. Plaintiff, therefore, cannot relitigate this issue.

Moreover, even if Plaintiff's claim was not barred by res judicata, his claim fails for the same reasons found in *Rypiak I*. Plaintiff's complaints to his supervisor were not connected to any characteristic protected by Title VII and would not reasonably have notified his supervisor that he was opposing an employment practice he believed violated Title VII. Additionally, Plaintiff's

statements are too vague and insufficient to demonstrate that he engaged in protected activity of which his employer was aware, as required to establish a prima facie retaliation claim.

### IV. Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint (Doc. No. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 31, 2023

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE